IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America,

v.   No. 13 C 5927

Desmond King

MEMORANDUM OPINION AND ORDER

Petitioner Desmond King has filed a Petition to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). For the reasons stated below, the petition is denied.

I.

King pleaded guilty to bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d) (Count 1) and to knowingly possessing a firearm in furtherance of, and using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) (Count 2). He was sentenced to 33 months' imprisonment on Count 1 and 84 months on Count 2. King appealed, and the Seventh Circuit vacated and remanded his sentence in light of *Booker v. United States*, 543

1

U.S. 220 (2005) and its progeny.  On remand, the district court imposed the same sentence.

At the time of King's sentencing, either a judge or a jury could decide whether a defendant's conduct met the requirements for a mandatory minimum sentence.  *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002).  Subsequently, *Alleyne v. United States*, -- U.S. --, 133 S.Ct. 2151, 2163, 186 L.Ed.2d 314 (2013), overruled *Harris,* and announced the new rule: "[F]acts that increase the mandatory minimum sentences must be submitted to the jury."  King argues that the rule announced in *Alleyne* paves the way for him to challenge the constitutionality of his sentence since it was the judge, and not a jury, who found that he was eligible for a seven-year sentence for "brandishing" a firearm under 18 U.S.C. § 924(c)(1)(A)(ii), as opposed to the five-year sentence under 18 U.S.C. § 924(c)(1)(A)(i) for merely "us[ing] or carr[ying' a firearm" or possessing it "in furtherance of any such crime [of violence]".

II.

Under § 2255, a prisoner in federal custody may petition the court that imposed his sentence to vacate, set aside, or correct the sentence on the ground that it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the

2

sentence was in excess of the maximum authorized by law, or otherwise subject to collateral attack." 28 U.S.C. § 2255.

III.

King argues that his sentence should be vacated in light of *Alleyne v. United States*, -- U.S. --, 133 S.Ct. 2151, 2155 (2013), which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013). Under *Alleyne*, "[m]andatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* According to King, the Court erred when it sentenced him in Count 2 to seven years' imprisonment for "brandishing a firearm during a crime of violence," in violation of 18 U.S.C. 924(c)(1)(A)(ii), because the fact that he brandished the firearm was determined by the Court and increased his statutory minimum from five to seven years. *See* 18 U.S.C. 924(c)(1)(A)(ii) ("[I]f the firearm is brandished, [defendant shall] be sentenced to a term of imprisonment of not less than 7 years."). He argues that he "pled guilty [merely] to the phrase 'knowingly possessed firearms in furtherance of, and used, carried, and brandished those firearms during and in relation to a crime of violence," under 18 U.S.C. §

3

924(c)(1)(A)(i), which carried a penalty of only five years. Pet. at 3; *see* 18 U.S.C. 924(c)(1)(A)(i) ("[A]ny person who, during and in relation to any crime of violence … uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall … be sentenced to a term of imprisonment of not less than 5 years."). He urges that he "never admitted" to brandishing the weapon and that he was entitled to have that fact found by a jury beyond a reasonable doubt. Pet. at 3. Therefore, according to King, his "seven (7) year consecutive sentence enhancement for 'Brandishing' under 18 U.S.C. § 923(c)(1)(A)(ii)" was "illegal" under *Alleyne,* because "it was based on the Judge's finding through preponderance of the evidence," and he should have only been subject to the five year penalty under 18 U.S.C. § 924(c)(1)(A)(i). *Id.* at 4.

*Alleyne*, however, does not provide King any relief. First, the Seventh Circuit has held that the rule in *Alleyne* is not retroactive to cases on collateral review. *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) ("The Court resolved *Alleyne* on direct rather than collateral review. It did not declare that its new rule applies retroactively on collateral attack."). "*Alleyne* is an extension of *Apprendi* … [and] [t]he Justices have decided that other rules based on *Apprendi* do *not* apply retroactively on collateral review … This implies that the Court will not declare *Alleyne* to be retroactive." *Id.*

4

(emphasis added)(noting that in *Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002), the Seventh Circuit already explained that *Apprendi* itself is not retroactive.). Thus, Seventh Circuit precedent indicates that *Alleyne* is unavailable to defendants, who like King, present their arguments on collateral review.

Moreover, even if King had presented this argument on direct appeal, he faces an insurmountable hurdle in light of his guilty plea. When King voluntarily entered his guilty plea, he waived his right to have any portion of his case covered by the plea agreement to be tried by a jury, thereby eviscerating his *Alleyne* claim. *United States v. Harris*, 543 Fed.Appx. 587, 598 (7th Cir. 2013) (noting that defendant's "appellate claim relying on [*Alleyne*] would be frivolous," because in pleading guilty he admitted the charges and "waived his right to a jury determination."). Here, King pleaded guilty to bank robbery and to possessing a firearm "in furtherance of, and used, carried and brandished those firearms in relation to a crime of violence." Pet. [#1] at 1. During the plea hearing, King admitted that the evidence summarized by the government was true. Specifically, he affirmed the following statements:

> The defendant Desmond King also armed with a firearm, a blue steel Taurus .22 LR nine-shot revolver, went to the office of one employee who was with a customer. Defendant Desmond King ordered both individuals *at gunpoint* out of the office and down onto the floor outside of the office. The defendant also went and got another witness as she exited the bathroom and ordered

5

> her to go to another area …. The defendant Desmond King … armed with firearms, made sure that no one in the bank moved and that everybody remained on the ground.

*Id.* at 37 (emphasis added). After affirming the foregoing statements, the following colloquy took place:

> THE COURT: … have you heard the statement of the assistant United States attorney?
>
> DEFENDANT DESMOND KING: Yes.
>
> THE COURT: As it applies to you, is it correct?
>
> DEFENDANT DESMOND KING: Yes.

*Id.* at 38-39. King admitted that while armed with a revolver, he ordered an employee and customer of the bank on the floor at gunpoint. *Id.* at 37-39. The Seventh Circuit has been clear: A defendant's "own admissions resolve all important matters against him. An admission is even better than a jury's finding beyond a reasonable doubt; it removes all contest from the case." *United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002). In *Warneke*, the Seventh Circuit further explained that:

> The predicate acts to which [defendant] confessed as part of his plea expose him to [the relevant penalty]. [Defendant] certainly wasn't denied his right to a jury trial as his rely brief says; he *waived* his right to a jury trial.

*Id.* at 550. Here, Petitioner pleaded guilty to both counts, thus waiving his right to have those crimes proved beyond a reasonable doubt by a jury. *Id.* at 40, 42.

6

This Court also is satisfied that King's plea was both knowing and voluntary.[1] Before accepting his plea, the Court questioned King extensively before determining that King was competent and that his plea was voluntary. Plea Hrg. Tr. at 15, 35. The Court also explained that by pleading guilty King was giving up his right to have a jury find him guilty by competent evidence beyond a reasonable doubt and all of accompanying trial rights. *Id.* at 26-29. When asked if he understood that "if you plead guilty, you waive, that is, you give up all of these trial rights," King answered, "yes." *Id.* at 29. Therefore, with his guilty plea, King waived his right to trial, thereby defeating any claim under *Alleyne* that he was entitled to have a jury find beyond a reasonable doubt that he brandished a firearm when he robbed the bank.

---

[1] During the plea hearing, King expressed confusion about why the government was entitled to charge him with the substantive crime of brandishing a weapon under 18 U.S.C. 924(c)(1)(A)(ii), instead of seeking an enhancement of his sentence under the United States Sentencing Guidelines. Plea Hrg. Tr. at 3-5. At the Court's request, the government explained that Congress authorized the charging of a separate crime under 18 U.S.C. § 924(c)(1)(A), thus the government had the discretion to decide whether to charge the separate crime or seek the enhancement under the Guidelines, though it did not have the option of pursuing both the substantive charge and the enhancement. *Id.* at 5. King's lack of understanding about the government's discretion in regard to charging his crime, however, does not affect his plea. "A person may plead guilty without understanding the details of the legal theory that supports the conviction." *United States v. Newman*, No. 13-3467, 2014 WL 2736091, at *2 (7th Cir. 2014 Jun. 17, 2014).

IV.

For the foregoing reasons, King's motion is denied.  I also decline to issue a certificate of appealability.

**ENTER ORDER:**

**Dated**: July 14, 2014

_____
**Elaine E. Bucklo**
United States District Judge